UNION LOAN & TRUST CO. *v.* SOUTHERN CALIFORNIA MOTOR ROAD CO. *et al.*

*(Circuit Court, S. D. California. June 13, 1892.)*

RAILROAD COMPANIES—FORECLOSURE OF MORTGAGE—RIGHTS OF MORTGAGEES.

A bill to foreclose a railway mortgage alleged the company's insolvency, and the insufficiency of its assets to pay the mortgage bonds. The company contested the validity of the bonds, and during the litigation moved the court to order the receiver to pay certain sums to its counsel for services rendered and to be rendered; also to pay its office expenses, and the salary of its secretary, claiming that such payments were absolutely necessary to maintain its corporate existence and enable it to defend. *Held* that, as such bonds were *prima facie* valid, the holders were entitled to all the assets, and to make such payments would be to impair their vested rights.

In Equity. Suit by the Union Loan & Trust Company against the Southern California Motor Road Company and others to foreclose a mortgage. Heard on motion of defendant for payment of its counsel fees and expenses. Denied. For former report, see 49 Fed. Rep. 267.

*Wilson & Lamme,* for complainant.

*W. P. Gardiner,* for intervener.

*R. E. Houghton,* for defendant.

Ross, District Judge. This suit was commenced to foreclose a mortgage, executed by the defendant corporation to secure the payment of certain of its bonds. At the commencement of the suit a receiver was appointed to take possession of the property involved in it pending the litigation, and he has since been, and now is, in its possession. The defendant motor road company is contesting the validity of the bonds, and an application is now made to the court on its behalf to direct the receiver to pay out of the moneys in his hands certain sums to the counsel of the defendant corporation for services rendered and to be rendered the corporation in such contest, and also to pay the salary of the secretary of the corporation, and its office expenditures incurred since the taking of possession of the property by the receiver. It is said in support of the motion that it is absolutely necessary that such payments should be ordered to enable the defendant corporation to make its defense to the action, and in order that it may maintain its existence as a corporation. That may be so; but, if it is, it constitutes no valid ground for the interference by the court with the vested rights of the complainant. The bonds and mortgage sued on are *prima facie* valid, and because of the alleged insolvency of the defendant corporation, and the insufficiency of the property mortgaged to pay them, the court took the property into its possession to protect and enforce the rights of the mortgagee. If the bonds and mortgage are in fact valid, it is the right of the mortgagee to demand that all of the property included in the mortgage, less the costs of the court, and the expenses necessarily and properly incurred by the receiver in its management, operation, preservation, and betterment, shall be applied to the satisfaction of the lien.

To divert any portion of the property to the payment of any other claim or demand is to that extent to impair the vested right of the mortgagee to have his lien paid and discharged out of the mortgaged property. Some timely observations upon this subject will be found in the case of *Kneeland* v. *Trust Co.*, 136 U. S. 89, 10 Sup. Ct. Rep. 950. And the conclusion here reached will also be found supported by the text writers. See High, Rec. (2d Ed.) p. 331 *et seq.*; Beach, Rec. pars. 376, 752; Gluck & B. Rec. pp. 296, 297. Motion denied.